**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CR-215-CDP-NAB |
| | ) |
| JACOB BREWER, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendant Jacob Brewer is charged along with co-defendant Shannon Bradley in two counts in an indictment. Count one charges Brewer with conspiracy to distribute and to possess with the intent to distribute a mixture or substance containing detectable amounts of heroin and fentanyl with death resulting, in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §846. Count two charges Brewer with distribution of a mixture or substance containing a detectable amount of heroin, with serious bodily injury resulting, in violation of 21 U.S.C. §841(b)(1)(C).[1]

On August 29, 2018, Brewer filed a Motion to Suppress Evidence [Doc. 46]. The Government filed a response on September 12, 2018 [Doc. 48]. An evidentiary hearing was held on October 24, 2018. Brewer was represented by counsel Jason Korner, and the Government was represented by Assistant United States Attorney James Delworth.

---

[1] The indictment indicates that serious bodily injury and death occurred to an individual whose identify was known to the Grand Jury, but who is referred to in the indictment and in this report and recommendation as A.C.

At the evidentiary hearing, the Government presented the testimony of Detective Leon Burton "(Detective Burton")" and four exhibits. The defendant's counsel cross-examined the witness for the Government, but did not present evidence on Brewer's behalf.  For the reasons set forth below, the undersigned recommends that Defendant's motion to suppress evidence be denied.

I.      FINDINGS OF FACT

Detective Burton has worked for the multicounty narcotics and violent crimes enforcement unit for two years, and he is attached there from the City of Union, Missouri, where he has worked for 23 years. He was a patrolman for 12 years and has been a detective for approximately 11 years. Having observed Detective Burton's testimony and demeanor, the undersigned finds him to be a credible witness.  Detective Burton testified about his investigation into the overdose death of A.C.  His investigation led him to determine that Shannon Bradley and Jacob Brewer may have distributed the drugs to A.C. that resulted in her overdose.

During the course of the investigation, Detective Burton learned that the arrangements for the sale of the heroin or fentanyl had been made through Facebook Messenger. The detective then applied for a search warrant from Franklin County for A.C.'s Facebook account. The search warrant application, affidavit, and return were entered into evidence. [Gov. Exh. 3.]  The warrant was issued on November 2, 2017. On that same date, Facebook sent an email to the detective acknowledging receipt of the warrant [Gov. Exh. 4.] The search warrant specifically sought communications between A.C. and Shannon Bradley, including wall posts, private messages, webcam exchanges, voice calls, and Messenger communications between A.C and Bradley.  The Return and Inventory, dated November 20, 2017, listed a "Facebook Messenger conversation from 10-21-17 between A.C. and Shannon Bradley." [Gov. Exh. 3]

Brewer moved to suppress evidence obtained from the aforementioned search warrant for information pertaining to the Facebook account of the victim, A.C. At the hearing on Defendant's motion, Defendant was given an opportunity to brief the issue of standing and why he had an expectation of privacy in the information contained in A.C.'s Facebook account.  On November 7, 2018, Defendant filed a Notice of Intent Not to File Legal Memorandum [Doc. 56].

II.     CONCLUSIONS OF LAW

Brewer contends that the Facebook search warrant was unlawful because: 1) it lacked particularity; 2) it was untimely; 3) the physical description of the place to be searched was not the location where the fruits of the search resided; and 4) there was no affidavit to support the search warrant for Facebook.  As a preliminary matter, the undersigned must determine whether Defendant has standing to challenge the search of A.C.'s Facebook account.

A defendant seeking to suppress evidence must prove by a preponderance of the evidence that he had a reasonable expectation of privacy in the place searched or the items seized. *Rakas v. Illinois,* 439 U.S. 128, 143 (1978).  In *United States v. Maxwell*, 778 F.3d 719, 732 (8th Cir. 2015), the Eighth Circuit Court of Appeals stated that "it is undisputed 'that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence.'" *Id*., quoting *Alderman v. United States,* 394 U.S. 165, 171–72 (1969); *see also United States v. Salvucci,* 448 U.S. 83, 86–87 (1980) (gathering cases).  "The defendant moving to suppress has the burden of proving a reasonable expectation of privacy in the area searched." *United States v. Gomez,* 16 F.3d 254, 256 (8th Cir.1994). *Maxwell,* 778 F. 3d 719 (8th Cir. 2015).

3

Defendant Brewer has not shown that he had a reasonable expectation of privacy in the information contained in A.C.'s Facebook account.  There is no evidence that Brewer was a party to any of A.C.'s communications, or that his rights were violated by a search of her Facebook page.  Therefore, Brewer does not have standing the challenge the validity of the search warrant.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence [Doc. 46] should be **DENIED** as set forth above.

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of December, 2018.